IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STROH DIE CAST LLC,

                Plaintiff,

  v.

STONERIDGE CONTROL DEVICES, INC.,

                Defendant,

  v.

ADVANCE DIE CAST, LLC, MICHIGAN DIE
CASTING, LLC, GREAT LAKES DIE CAST CORP.,
MUMFORD METAL CASTING, LLC,
and PHIL MUMFORD, JR.,

                Third-party defendants.

OPINION and ORDER

20-cv-855-jdp

---

This is a contract dispute involving competing claims and counterclaims. Plaintiff Stroh Die Cast LLC alleges that defendant Stoneridge Control Devices, Inc. failed to pay for goods as promised. For its part, Stoneridge alleges that Stroh provided defective goods and raised prices in violation of the parties' agreement. Stoneridge has also filed what it calls a third-party complaint against Phil Mumford, Jr., and several business entities, alleging that they are alter egos of Stroh and guarantors for amounts owed by Stroh to Stoneridge. Stoneridge originally filed a third-party claim against Phil Mumford, Sr., as well, but it later amended its complaint to omit the claim against Mumford, Sr.

Third-party defendants move to strike the third-party complaint, Dkt. 15, contending that the complaint doesn't comply with Rule 14(a)(1), which permits a defendant to bring a claim against "a nonparty who is or may be liable to [the defendant] for all or part of the claim

against it." Third-party defendants also contend that Stoneridge violated Rule 15 by failing to seek the court's permission before amending its complaint. In response, Stoneridge says that its claims against the third-party defendants fall within the "spirit" of Rule 14. Dkt. 17, at 9. Alternatively, Stoneridge says that it should be permitted to bring claims against the third-party defendants under Rules 13 and 20. Stoneridge also says that it was entitled to file an amended complaint without leave of court.

The court agrees with third-party defendants that Stoneridge's claims against them don't fall within the scope of Rule 14, which is limited to claims against a third party for derivative or secondary liability on the plaintiff's claim against the defendant. *See U.S. Gen., Inc. v. City of Joliet,* 598 F.2d 1050, 1053 (7th Cir. 1979); *USA Satellite & Cable, Inc. v. Mac Naughton*, No. 15 C 6331, 2016 WL 3262002, at *3 (N.D. Ill. June 14, 2016). Stoneridge isn't contending that third-party defendants may be liable to Stoneridge for *Stroh's* claim against Stoneridge. Rather, Stoneridge is asserting what is in effect a counterclaim against the third-party defendants for failing to comply with a guarantee. Regardless of Stoneridge's view of the "spirit" of Rule 14, the court can't disregard the plain language of the rule.

But Rule 14 isn't the only way to bring new parties into a case. Stoneridge also points to Rule 13(h), which allows a party to assert a counterclaim against a new party if joinder is consistent with the requirements of Rule 19 or Rule 20. *See Asset Allocation and Management Co. v. Western Employers Ins. Co.*, 892 F.2d 566, 574 (7th Cir. 1989) ("[A]dditional parties [may be joined] as counterclaim defendants . . . pursuant to Rule 20(a)."). Rule 20(a)(2) allows the joinder of additional defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all defendants will

2

arise in the action." The counterclaims against the third-party defendants easily meet those requirements because Stoneridge is seeking to hold both Stroh and the third-party defendants liable for the same alleged breaches of contract.

Third-party defendants don't question whether Rule 13(h) is the appropriate rule, and they don't contend that Stoneridge is unable to satisfy Rule 20(a). Instead, they say that Stoneridge should have filed a proper motion under Rule 13(h) rather than a third-party complaint without seeking leave of court. The court agrees that Stoneridge erred, but nothing except delay would be accomplished by granting the motion to strike and requiring Stoneridge to file a formal motion. The issues have been fully briefed, so the court will treat Stoneridge's opposition brief as a motion to join additional parties as counterclaim defendants, and the court will grant the motion. *See Armament Sys. & Procs., Inc. v. Emissive Energy Corp.,* No. 06-C-833, 2007 WL 2572304, at *1 (E.D. Wis. Sept. 5, 2007) (taking this approach under similar circumstances). For the same reason, the court need not determine whether Stoneridge needed to seek leave of court to file its amended third-party complaint. The case is still in its early stages, and third-party defendants don't identify any unfair prejudice that the amendment caused them.

Third-party defendants challenge the merits of Stoneridge's claim against them, but they support their arguments with materials outside the pleadings, which the court can't consider at the pleading stage. *See Doss v. Clearwater Title Co.,* 551 F.3d 634, 639–40 (7th Cir. 2008). If third-party defendants believe that Stoneridge can't prove its counterclaims against them, they may file a motion for summary judgment at the appropriate time.

There is one question that the parties don't address, which is the effect of the new parties on subject matter jurisdiction. When Stoneridge removed the case, it relied solely on

3

28 U.S.C. § 1332 as a basis of jurisdiction, and § 1332 requires diversity of citizenship between the plaintiffs and defendants. The parties don't identify the citizenship of the third-party defendants or explain how they should be aligned for the purpose of determining diversity. But the court concludes that 28 U.S.C. § 1367 authorizes the exercise of jurisdiction over Stoneridge's claims against the third-party defendants, regardless of those parties' citizenship. Specifically, § 1367(a) and (b) allow the court to exercise jurisdiction over "claims that involve the joinder or intervention of additional parties" if those claims are part of the same transaction as the original claims and the new parties are added by the defendant rather than the plaintiff. Stoneridge's claims against the third-party defendants meet both requirements. *See United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir. 1998) (court may exercise supplemental jurisdiction over a claim against a party joined by the defendant under Rule 13(h)). *See also* 6 Wright & Miller, *Federal Practice & Procedure* § 1436 (3d ed.). But because the parties didn't brief the issue, any party is free to challenge the court's jurisdiction over the third-party defendants if it believes that § 1367 doesn't apply under the circumstances of this case.

The court will deny third-party defendants' motion to strike Stoneridge's third-party complaint. For the sake of clarity, the court will refer to those defendants as "counterclaim defendants" rather than "third-party defendants" in future orders.

ORDER

IT IS ORDERED that:

1. The motion to strike filed by third-party defendants Advance Die Cast, LLC, Michigan Die Casting, LLC, Great Lakes Die Cast Corp., Mumford Metal Casting, LLC, and Phil Mumford, Jr., Dkt. 15, is DENIED.

2. Defendant Stoneridge Control Devices, Inc.'s opposition brief, Dkt. 17, is construed as a motion to join Advance Die Cast, LLC, Michigan Die Casting, LLC, Great Lakes

4

Die Cast Corp., Mumford Metal Casting, LLC, and Phil Mumford, Jr., under Federal Rule of Civil Procedure 13(h) and 20(a), and that motion is GRANTED.

3. The clerk of court is directed to amend the caption to refer to these parties as "counterclaim defendants" rather than "third-party defendants."

Entered April 2, 2021.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge